**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

*In re*:                                                                          CASE NO. 22-19132-SMG

OWMWATIE CHOWDHURY

      Debtor.

_____/

AXOS BANK                                                                Adv. Case No. _____

      Plaintiff,                                                      Removed Case No. CACE-20-013010
                                                                                from the Circuit Court of the 17th
v.                                                                              Judicial Circuit, in and for Broward
                                                                                County, Florida, Civil Action
EQRAMUL I. CHOWDHURY, *et al*.

      Defendants.

_____/

**NOTICE OF REMOVAL**
**OF CIVIL ACTION, RELATED TO BANKRUPTCY CASE**

    Comes now Owmwatie Chowdhury (the "Debtor"), by and through undersigned counsel, and

pursuant to 28 U.S.C. §1334(b), 28 U.S.C. §1452(a), and pursuant to Rule 9027(a)(1) of the Federal

Rules of Bankruptcy Procedure, files this *Notice of Removal of Civil Action, Related to Bankruptcy*

*Case* (the "Notice"), and as good cause for same, states as follows:

**FORM AND CONTENT REQUIREMENTS OF NOTICE**
**PURSUANT TO RULE 9027(a)(1)**

    *A.*    ***Short and Plain Statement of Facts Entitling Removal***

    1.    The Debtor made an Affidavit of Person in Possession of Property, Made Pursuant to

*Fla.R.Civ.P.* 1.580(b), and whom is *not a party against whom the writ of possession is issued*, in

Case No.: 20-13010, *i.e.*, *Axos vs. Chowdhury*, advising that the Debtor is, "entitled to, possession

of the real property, and personal property, including but not limited to medical related

equipment, furnishings, etc., located thereon, at 1031 Sandalwood Lane, Weston, FL 33326 (collectively the "Property"), and the nature of my claim to this property is an equitable interest in the property based upon improvements that she made to it, and purchase monies furnished/provided", and that Debtor, is "in possession, and not a party against whom the writ of possession is issued, attached hereto as Exhibit "1", and therefore, I am entitled to retain possession of the Property by filing with the Broward County Sheriff this affidavit that the person is entitled to possession of the Property, as stated herein." *See Fla.R.Civ.P.* 1.580(b) ("Third-Party Claims. If a person other than the party against whom the writ of possession is issued is in possession of the property, that person may retain possession of the property by filing with the sheriff an affidavit that the person is entitled to possession of the property, specifying the nature of the claim. Thereupon the sheriff shall desist from enforcing the writ and shall serve a copy of the affidavit on the party causing issuance of the writ of possession. The party causing issuance of the writ may apply to the court for an order directing the sheriff to complete execution of the writ. The court shall determine the right of possession in the property and shall order the sheriff to continue to execute the writ or shall stay execution of the writ, if appropriate.")

2.      The foreclosure judgment *does not* include any personal property that the Debtor has an interest in, possessory, or otherwise. *See Bensoussan v. Banon5 LLC*, 252 So. 3d 298, 300 (Fla. 3d DCA 2018) (The order observed that the mortgage in this case encumbered all furniture, furnishings, fixtures and equipment contained in or appurtenant to said premises [the Unit]. An examination of the final judgment of foreclosure, however, discloses that the mortgage lien and the sale only included the Unit, and not any personal property within the Unit. The subrogation argument also fails under the well-settled principle of merger. When a final judgment is entered foreclosing a mortgage, the mortgage itself loses its identity, and the final judgment itself controls

the mortgagee's/judgment creditor's rights. At the foreclosure sale, the Clerk only sold the Unit, and there existed no residual mortgage lien for Banon5 to buy regarding the personal property within the Unit.") (*Internal citation and quotation marks omitted*.)

3.      The Removed Case is a claim "related to" these bankruptcy proceedings, entitling removal pursuant to 28 U.S.C. §1334(b), and 28 U.S.C. §1452(a), because a Third Party Bidder, is seeking to levy on property of the estate, *i.e.*, personal property discussed in the above affidavit. *See Continental Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1346-47 (11th Cir.1999) (case which would have a "conceivable effect" on the value of the debtor's personal property interest in a partnership was "related to" the bankruptcy case, entitling removal, where, "the value and extent of the Estate's indirect interest in the Partnership Property would necessarily be affected by the outcome of the adversary proceeding.")

4.      The Third-Party Bidder *is not* protected as a bona fide purchaser pursuant to 702.036, Florida Statutes, because as of the filing hereof, pursuant to 702.036(1)(a)(3) all appellate periods must have already run, where the appeal of the final judgment here *remains pending* in the Fourth District Court of Appeal. ("That statute provides limited protection to the purchaser of a foreclosed property when a party later challenges a foreclosure judgment. … 702.036(1)(a)(3) is satisfied as all appellate periods for the First Magnus judgment have run.") (*Emphasis added*.)

5.      The Third-Party Bidder erroneously seeks to levy against the Debtor in state-circuit court despite the fact the Debtor **is a non-party specifically not subject to the jurisdiction of the Circuit Court, because, *inter alia*, on April 27, 2021, Axos Bank voluntarily dismissed the unknown tenant in possession of the mortgaged property, *i.e.*, the Debtor.** *See Maya v. Deutsche Bank Nat'l Tr. Co.*, 264 So. 3d 1076, 1077–78 (Fla. 3d DCA 2019) ("Deutsche Bank dropped the "unknown spouse of Arnold Maya" as a party. … The question is whether, under these facts, the trial

court retained jurisdiction, following entry of the original final judgment (which became final on appeal in 2008), to permit Deutsche Bank in 2016 to file a supplemental complaint adding Elizabeth Maya as a party to pursue an equitable vendor's claim against her, and to enter the subsequent 2018 final judgment on appeal. The answer to that question is no … [t]he final judgment did not retain jurisdiction to allow for a supplemental complaint <u>to add an omitted party post-judgment</u>. In permitting such a supplemental post-judgment proceeding, <u>the trial court acted in the absence of jurisdiction</u>.") (*Emphasis added*.)

### B.    *Identification of Core v. Non-Core Proceeding*

6.      Pursuant to Rule 9027(a)(1), Debtor identifies the Removed Case as core because the Debtor has a direct interest in the personal property. *See Continental Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1346-47 (11th Cir.1999)

7.      Debtor gives notice pursuant to Rule 9027(a)(1) that it consents to the entry of final orders or judgment by the bankruptcy judge.

### C.    *Process and Pleadings*

8.      Pursuant to Rule 9027(a)(1), all process and pleadings are being filed as part of an appendix subsequent to this filing. Debtor will supplement any missing process and pleadings, if any, expeditiously.

### D.    *Timeliness, and Effectiveness of Filing of Removal*

9.      Pursuant to Rule 9027(a)(2), Jarrette Bay gives notice of removal within 90 days of the filing of this Chapter 13 bankruptcy.

10.     Pursuant to Rule 9027(c), the filing of this Notice automatically divests the 17th Judicial Circuit, in and for Broward County, Florida, of jurisdiction over the Removed Case.

Respectfully Submitted,

**MARRERO, CHAMIZO, MARCER LAW, LP**

Attorney for the Debtor
3850 Bird Road, Penthouse One
Coral Gables, FL 33146
julio@marrerolawfirm.com
Telephone: (305) 446-0163
Facsimile: (305) 444-5538
By: /s/ Julio C. Marrero
Julio C. Marrero, Esq.
Florida Bar Number: 784664

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court

and served via electronic transmission to all electronic recipients through CM/ECF on December 14,

2022, and via U.S. Mail to all interested parties on the attached service list.

By: /s/ Julio C. Marrero
Julio C. Marrero, Esq.
Florida Bar Number: 784664